IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IRIS SOCORRO TORRADO ALVARADO, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CIVIL NO.: 19-1566 (MEL) |

**OPINION AND ORDER**

Pending before the court is Ms. Iris Socorro Torrado Alvarado's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability benefits under the Social Security Act. ECF No. 23. Plaintiff alleges that the administrative law judge's residual functional capacity determination regarding her mental impairments is not supported by substantial evidence.

**I.      Procedural and Factual Background**

On June 9, 2015, Plaintiff filed an application for Social Security benefits alleging that on December 19, 2012 ("the onset date"), she became unable to work due to disability. Tr. 18.[1] Prior to the onset date, Plaintiff worked as a fast food cashier and a lunchroom server. Tr. 31. Plaintiff met the insured status requirements of the Social Security Act through September 30, 2015. Tr. 20. Plaintiff's disability claim was denied on October 9, 2015, and upon reconsideration. Tr. 18. Thereafter, Plaintiff requested a hearing which was held on March 20, 2018 before Administrative Law Judge Harold Glanville ("the ALJ"). Tr. 43-62. On April 4, 2018, the ALJ issued a written decision finding that Plaintiff was not disabled. Tr. 32. Thereafter,

---

[1] "Tr." refers to the transcript of the record of proceedings.

Plaintiff requested review of the ALJ's decision. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner, subject to judicial review. Tr. 1-4. Plaintiff filed a complaint on June 10, 2019. ECF No. 3. Both parties have filed supporting memoranda. ECF Nos. 23, 25.

**II.     Legal Standard**

**A. Standard of Review**

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether his factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. See Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined

that plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity ("RFC"). Id. If the ALJ concludes that plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that there is work in the national economy that plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

**C. The ALJ's Decision**

In the case at hand, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2015. Tr. 20. Then, at step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period. Id. At step two, the ALJ determined that Plaintiff had the following severe impairments: obesity, cervical and lumbar degenerative discogenic disease with radiculopathy, major dysfunction of the left knee joint, status-post surgeries, bilateral shoulder osteoarthritis, and depressive and generalized anxiety disorders. Tr. 21. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 22. Next, the ALJ determined that during the relevant period

> [Plaintiff] had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b), except that she needed to alternate positions between sitting and standing at intervals of 2 hours during a daily 8-hour work routine. She occasionally could climb ramps and stairs; never climb ladders, ropes and scaffolds, and occasionally could balance, stoop, kneel, crouch, and crawl. She could use her judgment to understand, remember and carry out short, simple, repetitive instructions and tasks. She frequently could respond appropriately to supervision, coworkers, usual work situations and changes in routine work setting, and occasionally deal with the public.

Tr. 24. At step four, the ALJ determined that through the date last insured, Plaintiff could not perform her past relevant work as a fast food cashier or lunchroom server. Tr. 31. At step five, the ALJ presented Plaintiff's RFC limitations, as well as her age, education, and work experience to a vocational expert. Tr. 32. The vocational expert testified that an individual with a similar RFC would be able to perform the following representative occupations: lens matcher of optical goods, plastic hospital product assembler, and surgical instrument inspector. Tr. 32, 61. Because

there was work in the national economy that Plaintiff could perform, the ALJ concluded that she was not disabled. Tr. 32.

## III.   Legal Analysis

Plaintiff contends that the ALJ's mental RFC finding is not supported by substantial evidence. ECF No. 23, at 3-6. Plaintiff also alleges that the ALJ improperly substituted his own opinion for the medical opinions in the record and failed to properly evaluate the medical evidence of record concerning her mental impairments.[2] Id. At step three, the ALJ is responsible for determining a claimant's RFC based on all of the relevant evidence, including a claimant's medical record, the medical opinions, and a claimant's descriptions of his limitations. 20 C.F.R. §§ 404.1545, 404.1546. A claimant's RFC is the most he can do despite limitations from his impairments. Id. The claimant, however, has the burden of providing evidence to establish how his impairments limit his RFC. 42 U.S.C. § 423(d)(5)(A); Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001).

The ALJ properly considered the medical opinions of record in determining Plaintiff's mental RFC finding. The ALJ noted that Plaintiff sought psychiatric treatment through the APS Clinics for mental symptoms of anxiety, depression, sleep disturbances, and sadness. Tr. 28, 1011. In May 2014, progress notes from Plaintiff's treatment at the APS Clinics indicate that she had appropriate affect, normal impulse control, logical thought process, and that she was oriented to time, person, and place. Tr. 619, 2095. Plaintiff was also assessed with average intellect, good judgment, and adequate insight. Tr. 619, 2095. In October 2014, Plaintiff was diagnosed at the

---

[2] Plaintiff alleges that the ALJ erroneously substituted his own opinion for the medical opinions in the record concerning her physical impairments but provides no developed argumentation or record citations in support of her claim. ECF No. 23, at 3. Plaintiff's argument is perfunctory and undeveloped and therefore is waived. See Hidalgo-Rosa v. Colvin, 40 F. Supp. 3d 240, 243 n.1 (D.P.R. 2014) (explaining that a claimant's undeveloped argument presented in a perfunctory fashion is deemed waived); Aun v. Comm'r of Soc. Sec. Admin., Civ. No. 19-1143, 2020 WL 5223323, at *4 (E.D. Mich. Aug. 3, 2020); Ratcliffe v. Berryhill, Civ. No. 16-302, 2017 WL 1074574, at *2 (S.D. Ind. Mar. 22, 2017).

APS Clinics with major depressive affective disorder and assessed with appropriate affect, normal impulse control, logical thought process, good judgment, and adequate concentration and insight. Tr. 755-57, 2243-45. Subsequent progress notes from the APS Clinics reported similar symptoms with some findings of diminished concentration and insight.[3] Tr. 733-53, 2222-42.

In January 2015, treating clinical psychologist Dr. Roberto Irizarry Rivera ("Dr. Irizarry") diagnosed Plaintiff with recurrent major depression disorder and anxiety disorder. Tr. 533, 2006. Dr. Irizarry assessed a Global Assessment of Functioning ("GAF") score of 50 which the ALJ noted was indicative of serious symptoms. Tr. 28, 533, 2006. Dr. Irizarry reported that Plaintiff's irrational thought process provokes and maintains her symptoms. Id.

The ALJ also considered the opinion of examining clinical psychologist Dr. Solimar Rodríguez ("Dr. Rodríguez") who conducted a mental status evaluation on August 12, 2015 and diagnosed Plaintiff with intermittent explosive disorder. Tr. 2157. Dr. Rodríguez indicated that Plaintiff was friendly in their interactions throughout the mental status examination but that her mood was angry. Tr. 2154-55. It was noted by Dr. Rodríguez that Plaintiff had good listening skills, she was able to comprehend questions, her speech was normal, and she reported getting together with family. Tr. 2155. Dr. Rodríguez reported that Plaintiff showed good insight, adequate attention and concentration, and appropriate intellectual ability. Tr. 2155-57. During the interview, Plaintiff reported that she previously had a "verbal situation" with a coworker. Id. Dr. Rodríguez opined that Plaintiff's interactions with others is affected by her emotional problems and that she "is able to understand and she is able to carry out simple instruction." Tr. 29, 2158. Dr. Rodríguez also opined that Plaintiff "is able to do her house chores and can do it in slow pace with resting period." Tr. 2158.

---

[3] The progress notes correspond to Plaintiff's treatment at the APS Clinics in November 2014, December 2014, January 2015, May 2015, August 2015.

7

On August 19, 2015, state agency clinical psychologist Dr. Janice Calderón ("Dr. Calderón") reviewed the record evidence and opined that the evidence revealed only moderate limitations. Tr. 1145. Dr. Calderón opined that Plaintiff can understand, recall, and carry out simple and detailed instructions. Tr. 29, 1145. The ALJ assigned partial weight to Dr. Calderón's opinion because the record evidence was not consistent with her opinion that Plaintiff could carry out detailed instructions. Tr. 29. The ALJ noted that Plaintiff had a brief inpatient admission in November 2014 due to her depressive symptoms and was discharged within 5 days. Tr. 29, 395, 1820. During the inpatient admission, Plaintiff was assessed with a GAF score of 60 which the ALJ noted was indicative of moderate symptoms. Id. Thus, the ALJ concluded that Plaintiff was precluded from carrying out detailed tasks. Tr. 29. Dr. Calderón also opined that Plaintiff had moderate limitations in the ability to interact appropriately with the general public, co-workers, and supervisors. Tr. 29, 1144. Furthermore, Dr. Calderón found that Plaintiff had the ability to adjust to minor and routine work demands and was able to sustain concentration for a complete normal workday. Id.

In September 2015, general practitioner Dr. Yarelis Marie Pérez Rivera ("Dr. Pérez") examined Plaintiff and diagnosed her with severe major depression disorder. Tr. 2182. Dr. Pérez opined that Plaintiff's capacity to communicate was not limited by her alleged disabilities. Id. Dr. Pérez also opined that there was a "severe limit to perform everyday chores by severe major depression with poor control of impulse." Id. In May 2016, state agency clinical psychologist Dr. Wanda De Cardona ("Dr. De Cardona") reviewed the record upon reconsideration and affirmed Dr. Calderón's findings. Tr. 29, 1172. In September 2017, after the date last insured, examining general practitioner Dr. José G. Rivera Guilbe ("Dr. Rivera") indicated in his medical source statement that Plaintiff is able to maintain attention and concentration at work. Tr. 29,

2708; see Casull v. Comm'r of Soc. Sec., Civ. No. 16-1620, 2017 WL 5462185, at *4 (D.P.R. Nov. 14, 2017) (explaining that the ALJ should still consider "medical evidence after the date last insured if it shed[s] light on whether Plaintiff's impairments were severe prior to date last insured.").

The ALJ noted in his decision that Plaintiff was coherent and responsive to all questions at the hearing which suggested that there were not significant limitations in concentration. Tr. 29, 30. Furthermore, in her July 2015 function report, Plaintiff reported being able to attend medical appointments and church which also supports the ALJ's finding that Plaintiff could frequently respond to supervisors and coworkers and occasionally interact with the public. Tr. 105-06, 112. The ALJ appropriately evaluated the medical opinions of record regarding Plaintiff's mental impairments, and thus, the ALJ's mental RFC determination is supported by substantial evidence. See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987) ("We must affirm the Secretary's [determination], even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.").

**IV.   Conclusion**

Based on the foregoing analysis, the court concludes that the decision of the Commissioner that Plaintiff was not entitled to disability benefits was supported by substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2020.

s/Marcos E. López<br>U.S. Magistrate Judge